UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ALLEN KELTNER,<br>　　　Plaintiff,<br>　　v.<br>COUNTY OF LAKE, *et al.*,<br>　　　Defendants. | Case No.   14-cv-05636-NJV<br><br>**ORDER DISMISSING CASE** |

On August 13, 2015, the court entered a Stipulation and Order (Doc. 21), granting the parties' request for a modified briefing schedule and to move the hearing on the Motion to Dismiss to November 3, 2015. The stipulated briefing schedule required that Plaintiff file his response to the Motion to Dismiss on or before August 31, 2015. Plaintiff did not file a response. On September 8, 2015, Defendants filed a Reply to Plaintiff's Failure to Oppose the Motion to Dismiss (Doc. 22), in which Defendants propose the court take Plaintiff's failure to file an opposition to the Motion as a concession. As of this date, Plaintiff has not responded to the Motion to Dismiss, or to Defendants' suggestion that Plaintiff has conceded the motion.

On October 1, 2015, the court issued an Order to Show Cause (Doc. 23), in which the court noted that "[i]t appears then that Plaintiff does indeed concede the Motion, or has otherwise abandoned this case," and ordered that Plaintiff, on or before October 9, 2015, show cause as to why the court should not dismiss this case for failure to prosecute. Plaintiff was warned that "his failure to respond to this order will result in the dismissal of this action." Plaintiff has again failed to respond.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action

for failure to comply with any order of the court." *Ferdik v. Bonzelet* 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260–61).

      The court finds that these factors support dismissal. First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier,* 191 F.3d 983, 990 (9th Cir. 1999). Second, the court's need to manage its docket weighs in favor of dismissal. This case was filed in December of 2014, and through the parties' stipulations the Motion to Dismiss was filed in July of 2015. Almost three months have passed and Plaintiff has made no effort to respond. The court cannot manage its docket when the prosecuting party will not participate. Third, the risk of prejudice to the defendants generally requires that "a defendant . . . establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan,* 291 F.3d at 642. However, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Lamina v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). Plaintiff has not overcome this presumption and, thus, this factor weighs in favor of dismissal. Fourth, there appears no available less drastic alternative. Plaintiff is represented by counsel. Counsel stipulated to an extended briefing schedule. After Plaintiff missed the deadline to respond, Defendants filed a Reply pointing to Plaintiff's failure and suggesting that Plaintiff did not oppose the Motion to Dismiss. At that time, Plaintiff could have filed a response to Defendants' assertion. The court then issued the Show Cause Order, which Plaintiff ignored, despite the warning that failure to respond would result in the court's order of dismissal. The court finds that there is no available less drastic alternative and this factor weighs in favor of dismissal. The fifth factor weighs against dismissal, because "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643.

1    Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least
2 three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th
3 Cir. 1998) (quoting *Ferdik*, 963 F.2d at 1263).  Here, four out of five factors support dismissal.
4    Accordingly, it is ORDERED that this case is DISMISSED without prejudice for failure to
5 prosecute.
6    The Clerk of the Court shall close the file.
7    The matter is referred to the court's standing committee on professional conduct.
8    **IT IS SO ORDERED**.
9 Dated:  October 16, 2015

_____
NANDOR J. VADAS
United States Magistrate Judge